UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JERRY THOMAS, | Civil Action No.: |
| Plaintiff, | 3:21-cv-103 |
| v. | |
| MIDLAND CREDIT MANAGEMENT, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

# COMPLAINT

JERRY THOMAS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Tennessee, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Knoxville, Tennessee, 37931.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a national debt collection company with its corporate headquarters located at 350 Camino de la Reina, Suite 100, San Diego, CA 92108.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Debt collection is the principal purpose of Defendant's business.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees,

representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number.

14. Plaintiff has solely used this number as a cellular telephone number.

15. Defendant placed repeated harassing telephone calls to Plaintiff on his cellular telephone number seeking to collect an alleged consumer debt.

16. The alleged debt arose out of transactions that were primarily for personal, family or household purposes.

17. Defendant called Plaintiff on his cellular telephone utilizing an automatic telephone dialing system and/or pre-recorded voice or message.

18. Plaintiff knew that Defendant's calls were automated calls as he was often met by a noticeable pause or delay with no caller on the line prior to one of Defendant's representatives coming on the phone.

19. Defendant's calls were not made for "emergency purposes."

20. Shortly after the calls started, Plaintiff told Defendant to stop calling.

21. Defendant heard and acknowledged Plaintiff's request to stop calling, but nonetheless continued to call her repeatedly.

22. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

23. Further, any continued calls could only have been placed for the purpose of harassing Plaintiff.

24. Plaintiff found Defendant's calls to be invasive, harassing, intrusive and upsetting.

25. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

.

## COUNT I
## **DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA**

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

28. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

29. Defendant violated both sections of the FDCPA by placing repeated harassing telephone calls to Plaintiff and continuing to call knowing its calls were unwanted.

## COUNT II
## <u>DEFENDANT VIOLATED THE TCPA</u>

30. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

31. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

32. Defendant's calls to Plaintiff were not made for "emergency purposes."

33. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and that any consent it may or may not have thought it had was revoked, yet the Defendant continued to place autodialed calls to Plaintiff's cellular telephones.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

35. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, JERRY THOMAS, respectfully prays for judgment as follows:

    a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

    d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    h. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LAKEISTA EATON, demands a jury trial in this case.

Respectfully submitted,

Dated: 3-22-21            By: */s/ Amy L. Bennecoff Ginsburg*
                                       Amy L. Bennecoff Ginsburg, Esq.
                                       Kimmel & Silverman, P.C.
                                       30 East Butler Pike
                                       Ambler, PA 19002
                                       Phone: (215) 540-8888
                                       Facsimile: (877) 788-2864
                                       Email: teamkimmel@creditlaw.com