IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JERRY THOMAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MIDLAND CREDIT MANAGEMENT, INC., ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. <br> 3:21-CV-00103-TRM-DCP |

## DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** defendant Midland Credit Management, Inc. ("MCM"), by and through its undersigned counsel, specifically reserving its right to seek arbitration of Plaintiff's claims pursuant to 9 U.S.C. § 1, *et seq.*, and for its Answer to plaintiff Jerry Thomas's ("Plaintiff") Complaint, states as follows:

### INTRODUCTION

1. MCM admits that Plaintiff's Complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, but denies that it violated any law and any other allegations contained in this paragraph and demands strict proof thereof.

### JURISDICTION AND VENUE

2. The allegations in Paragraph 2 contain a legal conclusion to which no response is required. To the extent that a response is required, MCM admits that 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 speak for themselves. Except as expressly admitted herein, MCM denies the allegations in Paragraph 2 and demands strict proof thereof.

3. The allegations in Paragraph 3 contain a legal conclusion to which no response is required. To the extent that a response is required, MCM admits that it conducts business in the State of Tennessee. Except as expressly admitted herein, MCM denies the allegations in Paragraph 3 and demands strict proof thereof.

4. The allegations in Paragraph 4 contain a legal conclusion to which no response is required. To the extent that a response is required, MCM admits that 28 U.S.C. § 1391(b)(1)-(2) speaks for itself. Except as expressly admitted herein, MCM denies the allegations in Paragraph 4 and demands strict proof thereof.

## PARTIES

5. MCM is without sufficient information and knowledge to either admit or deny the allegations in Paragraph 5 and, therefore, denies the same and demands strict proof thereof.

6. The allegations in Paragraph 6 contain a legal conclusion to which no response is required. To the extent that a response is required, MCM admits that 15 U.S.C. § 1692a(3) speaks for itself. MCM is without sufficient information and knowledge to either admit or deny the remaining allegations in Paragraph 6 and, therefore, denies the same and demands strict proof thereof.

7. The allegations in Paragraph 7 contain a legal conclusion to which no response is required. To the extent that a response is required, MCM admits that 47 U.S.C. § 153(39) speaks for itself. MCM is without sufficient information and knowledge to either admit or deny the remaining allegations in Paragraph 7 and, therefore, denies the same and demands strict proof thereof.

8.  MCM admits that it is a foreign corporation with its principal place of business located in the State of California. Except as expressly admitted herein, MCM denies the allegations in Paragraph 8 and demands strict proof thereof.

9.  The allegations in Paragraph 9 contain a legal conclusion to which no response is required. To the extent that a response is required, MCM admits that 15 U.S.C. § 1692a(6) speaks for itself. Except as expressly admitted herein, MCM denies the allegations in Paragraph 9 and demands strict proof thereof.

10. The allegations in Paragraph 10 contain a legal conclusion to which no response is required. To the extent that a response is required, MCM admits that 47 U.S.C. § 153(39) speaks for itself. Except as expressly admitted herein, MCM denies the allegations in Paragraph 10 and demands strict proof thereof.

11. The allegations in Paragraph 11 contain a legal conclusion to which no response is required. To the extent that a response is required, MCM denies the allegations in Paragraph 11 and demands strict proof thereof.

12. Paragraph 12 contains an averment to which no response is required from MCM. To the extent that a response is required, MCM is without sufficient information and knowledge to either admit or deny the remaining allegations in Paragraph 12 and, therefore, denies the same and demands strict proof thereof.

## FACTUAL ALLEGATIONS

13. MCM is without sufficient information and knowledge to either admit or deny the allegations in Paragraph 13 and, therefore, denies the same and demands strict proof thereof.

14. MCM is without sufficient information and knowledge to either admit or deny the allegations in Paragraph 14 and, therefore, denies the same and demands strict proof thereof.

15. MCM denies the allegations in Paragraph 15 and demands strict proof thereof.

16. MCM is without sufficient information and knowledge to either admit or deny the allegations in Paragraph 16 and, therefore, denies the same and demands strict proof thereof.

17. MCM denies the allegations in Paragraph 17 and demands strict proof thereof.

18. MCM is without sufficient information and knowledge to either admit or deny the allegations regarding Plaintiff's purported knowledge and, therefore, denies the same and demands strict proof thereof. Except as expressly admitted herein, MCM denies the allegations in Paragraph 18 and demands strict proof thereof.

19. MCM admits that it never attempted to contact Plaintiff for an emergency purpose. Except as specifically admitted herein, MCM denies the allegations in Paragraph 19 and demands strict proof thereof.

20. MCM denies the allegations in Paragraph 20 and demands strict proof thereof.

21. MCM denies the allegations in Paragraph 21 and demands strict proof thereof.

22. MCM denies the allegations in Paragraph 22 and demands strict proof thereof.

23. MCM denies the allegations in Paragraph 23 and demands strict proof thereof.

24. MCM is without sufficient information and knowledge to either admit or deny the allegations regarding Plaintiff's purported perception and, therefore, denies the same and demands strict proof thereof. MCM denies that it placed calls which were invasive, harassing, intrusive, or upsetting, and demands strict proof thereof.

25. MCM denies the allegations in Paragraph 25 and demands strict proof thereof.

## COUNT I
## FDCPA, 15 U.S.C. §§ 1692d and 1692d(5)

26. MCM incorporates its responses to the preceding paragraphs in the Complaint as if fully set forth herein.

27. MCM admits that 15 U.S.C. § 1692d speaks for itself. Except as expressly admitted herein, MCM denies the allegations in Paragraph 27 and demands strict proof thereof.

28. MCM admits that 15 U.S.C. § 1692d(5) speaks for itself. Except as expressly admitted herein, MCM denies the allegations in Paragraph 28 and demands strict proof thereof.

29. MCM denies the allegations in Paragraph 29 and demands strict proof thereof.

## COUNT II
## TCPA, 47 U.S.C. § 227

30. MCM incorporates its responses to the preceding paragraphs in the Complaint as if fully set forth herein.

31. MCM denies the allegations in Paragraph 31 and demands strict proof thereof.

32. The allegations in Paragraph 32 contain a legal conclusion to which no response is required. To the extent that MCM is required to respond, MCM admits that it did not attempt any calls to the number at issue for an emergency purpose. Except as expressly admitted herein, MCM denies the allegations in Paragraph 32 and demands strict proof thereof.

33. MCM denies the allegations in Paragraph 33 and demands strict proof thereof.

34. MCM denies the allegations in Paragraph 34 and demands strict proof thereof.

35. MCM denies the allegations in Paragraph 35 and demands strict proof thereof.

36. MCM denies the allegations in Paragraph 36 and demands strict proof thereof.

In response to the paragraph beginning "WHEREFORE," MCM denies that Plaintiff is entitled to judgment in his favor or any award of damages and demands strict proof thereof.

 a. MCM admits that 15 U.S.C. § 1692k(a)(1) speaks for itself. MCM denies that Plaintiff is entitled to an award of actual damages and demands strict proof thereof.

 b. MCM admits that 15 U.S.C. § 1692k(a)(2)(A) speaks for itself. MCM denies that Plaintiff is entitled to statutory damages and demands strict proof thereof.

c. MCM denies that Plaintiff is entitled to any attorneys' fees, witness fees, court costs, or other litigation expenses and demands strict proof thereof.

d. MCM admits that 47 U.S.C. § 227(b)(3)(A) speaks for itself. MCM denies that Plaintiff is entitled to an award of actual damages and demands strict proof thereof.

e. MCM admits that 47 U.S.C. § 227(b)(3)(B) speaks for itself. MCM denies that Plaintiff is entitled to statutory damages and demands strict proof thereof.

f. MCM admits that 47 U.S.C. § 227(b)(3) speaks for itself. MCM denies that Plaintiff is entitled to treble damages and demands strict proof thereof.

g. MCM admits that 47 U.S.C. § 227(b)(3) speaks for itself. MCM denies that Plaintiff is entitled to injunctive relief and demands strict proof thereof.

h. MCM denies that Plaintiff is entitled to any other relief whatsoever and demands strict proof thereof.

## DEMAND FOR JURY TRIAL

In response to Plaintiff's demand for a jury trial, MCM admits that Plaintiff requests a trial by jury but denies that Plaintiff is entitled to a jury trial and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent Plaintiff has entered into an arbitration agreement that covers any of his claims against MCM, MCM reserves the right to compel arbitration and does not waive that right by filing this Answer.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

To the extent Plaintiff's claims are based on conduct occurring beyond the applicable statutes of limitations, they are time barred.

## FOURTH DEFENSE

To the extent Plaintiff has filed for bankruptcy protection, the claims asserted against MCM are barred by any bankruptcy case, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release. Moreover, as a result of any such prior proceedings, MCM is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

## FIFTH DEFENSE

Plaintiff has failed to mitigate his damages, if any, and/or failed to act with reasonable diligence.

## SIXTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which MCM denies, was the direct or proximate result, in whole or in part, of the Plaintiff's own negligence, misconduct, affirmative actions, and/or omissions and does not give rise to any liability of MCM.

## SEVENTH DEFENSE

Plaintiff's alleged injuries and/or damages were the result of an intervening or superseding cause or the acts or omissions of third parties over which MCM had no responsibility or control and for which MCM may not be held liable.

**EIGHTH DEFENSE**

Plaintiff gave prior express consent to MCM to contact Plaintiff on Plaintiff's cellular phone(s) regarding the subject account(s), and Plaintiff failed to withdraw said consent. Further, any calls to Plaintiff's cellular phone(s) were not "unsolicited" within the meaning of the TCPA.

**NINTH DEFENSE**

MCM did not willfully or knowingly contact Plaintiff on her cellular phone regarding the subject account in violation of the TCPA.

**TENTH DEFENSE**

MCM did not use a device with the capacity to dial or store numbers randomly or sequentially using a "number generator" and, hence, did not use an "automatic telephone dialing system" in violation of the TCPA.

**ELEVENTH DEFENSE**

The imposition of statutory or treble damages under the TCPA against MCM would violate the due process provisions and/or prohibitions against excessive fine of the United States Constitution and/or the Tennessee State Constitution.

**TWELFTH DEFENSE**

The TCPA violates the First Amendment of the United States Constitution.

**THIRTEENTH DEFENSE**

MCM's conduct was in good faith and in conformity with a formal opinion of the Federal Trade Commission and/or an advisory opinion of the Bureau of Consumer Financial Protection.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel), laches, release, consent, ratification, acquiescence, novation,

unclean hands and/or other equitable doctrines due to Plaintiff's own acquiescence, improper, or bad faith conduct.

**FIFTEENTH DEFENSE**

Any violation of the law, which MCM denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

**SIXTEENTH DEFENSE**

Plaintiff has not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, emotional distress, out-of-pocket harm, or other injuries justifying a claim for actual damages as a result of the alleged conduct of MCM and therefore lacks Article III standing to sue MCM.

**SEVENTEENTH DEFENSE**

Plaintiff lacks Article III standing to assert the claims he has alleged against MCM. Among other things, Plaintiff has failed to allege and cannot prove that he suffered a concrete and particularized injury in fact. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), as revised (May 24, 2016).

**EIGHTEENTH DEFENSE**

MCM is entitled to setoff for all amounts owed by Plaintiff on his account(s).

**RESERVATION OF DEFENSES**

MCM reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this the 23 day of April, 2021.

*/s/ R. Frank Springfield*
R. Frank Springfield
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
fspringfield@burr.com

*Attorney for Defendant Midland Credit Management, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was served by electronic mail on this the 23 day of April, 2021 to:

Amy L. Bennecoff Ginsburg
KIMMEL & SILVERMAN, P.C.
30 East Butler Pike
Ambler, PA 19002
(215) 540-8888
Email: teamkimmel@creditlaw.com
*Attorney for Plaintiff*

>	*/s/R. Frank Springfield*
>	OF COUNSEL